UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

ERNEST T. WOODRUFF JR.　　　　　)
　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　)　　　1:12-cv-280/1:05-cr-109
　　　　　　　　　　　　　　　　　)　　　*Chief Judge Curtis L. Collier*
UNITED STATES OF AMERICA　　　)

## MEMORANDUM

The Court has received a second motion to vacate, set aside, or correct sentence filed under

28 U.S.C. § 2255 from Ernest T. Woodruff Jr., ("Woodruff") (Criminal Court File No. 33).[1]

Woodruff challenges his 2006 conviction for three counts of armed bank robbery (aid & abet), in

violation of 18 U.S.C. §§ 2113(a), 2113(d) and 2 and two counts of brandishing a firearm in

furtherance of a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2.  Following

his conviction, Woodruff did not pursue a direct appeal, but he subsequently filed a motion pursuant

to 28 U.S.C. § 2255.  *See United States v. Woodruff*, Civil Action No. 1:07-cv-41/1:05-cr-109 (E.D.

Tenn.2007).  The civil docket sheet reflects the Court dismissed Woodruff's § 2255 motion because

neither his conviction nor sentence violated the Constitution or laws of the United States. (Civil

Court File Nos. 1, 2).  Subsequent to the denial of his § 2255 motion Woodruff filed various motions

(Criminal Court File Nos. 21, 22, 27) which were denied (Criminal Court File Nos. 23, 28).

Now, Woodruff has filed a second § 2255 motion. *See Woodruff v. United States*, Civil

Action No. 1:12-cv-280 (E.D. Tenn. 2012) (Criminal Court File No. 33).  In accordance with the

"Antiterrorism and Effective Death Penalty Act of 1996," effective April 24, 1996, Woodruff cannot

file a second or successive § 2255 motion in this Court until he has moved in the United States Court

of Appeals for the Sixth Circuit for an order authorizing the district court to consider the motion.

---

[1]　　　All subsequent citations to the record refer to the underlying criminal case file.

This Court has not received an order from the Sixth Circuit authorizing the Court to consider the pending motion.

Accordingly, since the Sixth Circuit has directed District Courts to transfer second or successive § 2255 motions when they are filed without § 2244(b)(3) authorization from the Sixth Circuit, the Clerk will be **DIRECTED** to **TRANSFER** this action to the United States Court of Appeals for the Sixth Circuit, pursuant to 28 U.S.C. § 1631, *see Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997), and close this case.

A separate order will enter.

**/s/**_____
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**